IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANIYEL SHABAZZ BEY, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 3:20-CV-0201-M-BH |
| | ) |
| CHICORY COURT MADISON III LP, | ) |
| JAN ADKISON, | ) |
| Defendants. | ) Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Before the Court is the plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)*, filed February 11, 2020 (doc. 6). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed without prejudice for failure to prosecute or follow court orders.

**I. BACKGROUND**

On January 27, 2020, Daniyel Shabazz Bey (Plaintiff) filed this action in an attempt to contest an eviction case. (*See* doc. 3 at 8, 10-11.) By *Notice of Deficiency and Order* dated January 29, 2020, he was notified that his application to proceed *in forma pauperis* (IFP) did not provide enough information because it was not fully completed. (*See* doc. 5.) Attached to the order was a form IFP application. (*Id.*) The notice and order specifically advised Plaintiff that he must file a fully completed and signed IFP application within fourteen days, and that a failure to do so could result in the dismissal of his case. *Id.* On February 11, 2020, Plaintiff filed the form application but declined to complete it, stating that he "is not obligated to disclose his private financial information." (*See* doc. 6.) By order dated February 13, 2020, he was given fourteen days to either pay the required $400 filing fee or file a completed and signed IFP application. (*See* doc. 8.) He was again warned that a

---

[1] By *Special Order No. 3-251*, this pro se case has been automatically referred for full case management.

failure to do so could result in the dismissal of his case. *Id.* On February 25, 2020, he filed an "Affidavit of Fact" stating that he was not seeking to proceed "in forma pauperis", but "pro bono." (*See* doc. 10.) More than fourteen days from the date of the order have passed, but Plaintiff has not paid the filing fee or filed a fully completed and signed IFP application, and he has not filed anything since his "Affidavit in Fact."

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff declined to complete the IFP application, stating that he is "not obligated to disclose his private financial information." (*See* doc. 6.) He has therefore not shown that he lacks sufficient monetary resources available to pay the $400 filing and administrative fees.[2]

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to pay the filing

---

[2] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

fee or file a signed and fully completed IFP application. Because he failed to comply with the order that he pay the filing fee or file a signed and fully completed IFP application, this case should be dismissed for failure to prosecute or follow an order of the court.

## IV.  RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff pays the filing fee or files a signed and fully completed application within the time for objection to this recommendation, or by some other deadline set by the Court.

**SIGNED this 24th day of April, 2020.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

 A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE